

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00288-CR

---

MARKUS ANTHONY RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20667-1803, Honorable Kregg Hukill, Presiding

---

March 8, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Markus Anthony Rodriguez, pleaded guilty to intoxicated assault with a motor vehicle causing serious bodily injury, a third-degree felony.[1]  The trial court suspended Appellant's sentence and placed him on community supervision for a term of six years.  Appellant was also assessed a fine and court costs.  In May of 2023, the State filed a motion to adjudicate the guilt of Appellant, alleging that Appellant had violated

---

[1] TEX. PENAL CODE ANN. § 49.07(a), (c).

several conditions of his community supervision, including that Appellant had committed additional criminal offenses, failed to report his arrest, failed to report to his community supervision officer as required, and failed to pay his fine, costs, and fees. At a hearing on the State's motion, Appellant appeared with counsel and entered a plea of true to the State's allegations. After hearing testimony, the trial court found that Appellant had violated terms of his community supervision. The trial court revoked Appellant's community supervision and sentenced him to eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant was assessed a fine and court costs. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm the judgment and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We affirm the trial court's judgment and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.